```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                                    :
UNITED STATES OF AMERICA            :
        -v-                         :    10 Cr. 417 (JSR)
                                    :
SAMARTH AGRAWAL,                    :
        Defendant                   :
                                    :
- - - - - - - - - - - - - - - - - -x
```

**DEFENDANT'S MEMORANDUM IN RESPONSE TO GOVERNMENT'S MOTION**
**"*In Limine*" (10/27/10)**

 

 

Mr. Ivan Fisher
125 East 50th Street
New York, New York 10022

## Discussion

The defense respectfully submits that the Government request to seal portions of the Defendant's trial scheduled to commence on November 8, 2010 should be denied, at least at this point. The Defendant has no objection to the other relief sought by the government in its motion "*in limine*" of October 27, 2010.

The Government's recitation in its Memorandum of Law, in our view, fairly sets out the law that controls its motion to seal the courtroom.

## A Logistical Nightmare

The Government wants the Court to excuse the jury on every occasion when evidence or argument dealing on some level of detail with the trade secrets allegedly stolen by the Defendant from Societe Generale (herein after, "SocGen"). This would include discussion of such evidence in portions of the openings and summations, testimony of witnesses relating to such evidence, including cross examination of Government witnesses.

I invite the Court to imagine the proceedings being constantly truncated during the presentation of the testimony of almost all of the Government's witnesses and the testimony of the Defendant from the point of view of the jury. The most

difficult logistical problem we can foresee is cross examination of Government witnesses.  To require the defense to segregate portions of its cross examination in advance of the cross examination itself effectively prevents the natural development of defense positions.  Speaking for myself, it has always been my practice to conduct a spontaneous cross examination in which questions are asked depending upon the answer just given.  As the Court is undoubtedly aware, the most effective cross examination occurs when an errant answer from the witness is seized by the cross examiner and unexpected directions are then taken.

On opening statement, does the Government propose that we divide our opening into specific segments?  If a discussion the Government wants kept secret ought to be in the middle of the opening, do I nod to the Court?  Does the Court then find a reason to have a short recess?  And after the jury returns, they undoubtedly will notice a particularly disturbing consequence of a procedure proposed by the Government that, as we will demonstrate below, is unnecessary and prejudicial to the Defendant.

The Defendant's parents and siblings have made arrangements to travel to the United States from their home in India and

attend Court every day of the trial.  In addition, a number of the Defendant's friends will be, we anticipate, regularly attending the proceedings as well.  All of these individuals are Indian.  I invite the Court to step back and look at the proposal as it would occur in practice if the Court were to grant the Government's request to seal the Court.  During the opening I, for one, usually look at the jury and at the people in the public section of the courtroom who are identifiable as supporters of my client.  I want the jury to know that these people care about the Defendant enough to attend regularly.  Then, when some signal is given indicating to the Court discussion of secret information may be about to occur, the jury is excused and when it comes back a few moments later, they see the public section of the Court thinned out; every single individual of Indian appearance is missing.  Will none of the jurors infer that these people, the Defendant's family and friends, cannot be trusted while lawyers representing witnesses and SocGen can remain?  And, we are concerned that the jury may infer from this elaborate and repeated interference of the normal flow of a trial and the evidence that the Court has made at least some preliminary finding that indeed such evidence is proprietary?

- 4 -

**Alternative Options**

As the Government acknowledges in its Memorandum of Law in support of this application, sealing a courtroom in a criminal case is an absolute and last resort and any reasonable options must be employed to avoid this drastic violation of the Fourteenth Amendment to the United States Constitution.

First, the defense does not intend to dispute that the Defendant removed documents from SocGen containing printouts of two proprietary programs. As we have repeatedly told the prosecution, the Defendant will assert that his obtaining this concededly proprietary document was authorized by SocGen and we intend to establish this through the Defendant's testimony and examination of a number of witnesses whom we expect the Government will be calling in its case-in-chief. Furthermore, the defense will not dispute that many months after his departure from SocGen, the Defendant remained in possession of these same proprietary documents.

The Government will offer evidence relating to meetings the Defendant had with principals of Towers Research, a hedge fund, during which the Defendant discussed the possibility of obtaining employment at Towers. During these discussions, and again the Defendant will not dispute, there were numerous

references to portions of at least one of the two programs that the Defendant had removed from SocGen as indicated above.  We do not foresee a legitimate need for the Government to offer detailed information about the information the Defendant was providing to Towers.  The Defendant may attempt to distinguish the information he provided Towers during their meetings as not proprietary; that while undoubtedly important to the trading programs from SocGen, were not the essence of the programs in its "brain" (see Government's Memorandum, page 2, second paragraph).  The Defendant may maintain that he believes that only this portion of the information he presented to Towers was proprietary (sometimes referred to in these discussions as the "kernel").  But he will not assert that such information did not duplicate the material he had taken from SocGen.  Thus, details of this information are unnecessary to any defense position presently contemplated; a general presentation by the Government is more than sufficient.

## A Proposal

The defense suggests that, in view of the representations made above with regard to the nature of its defense, that the trial proceed on the assumptions that those representations are accurate.  Indeed, it is my present and clear intension to

present those positions to the jury in my opening statement. Thus, the Government should proceed with only the general evidence necessary to refute the distinction between the information contained in the "kernel" from the information the Defendant gave to Towers during his meetings.  To be clear, the Defendant will not dispute that the numerous diagrams he drew during his meetings with individuals from Towers were significantly different from the programs he removed from SocGen.  The issue that remains is whether the Defendant believed that the information he provided to Towers was, in fact, proprietary.

Thus, the trial should proceed without any sealing of the courtroom unless and until it becomes clear that the right to a public trial must be trumped by so extreme and unwieldy a process.  In the unlikely event such occurs, the Government in its rebuttal case should then be permitted to  present more detailed information about the proprietary material.  If the Court is then persuaded that sealing the courtroom is required, then, at the least, the logistical issues discussed above would be significantly mitigated.

### A Final Objection

On page 17 of the Government's Memorandum "the Government

respectfully requests that the court require the Defendant to proffer, in sufficient time so that the Government will have the opportunity to seek closure or other protective measures, what testimony, exhibits, or argument regarding the trade secrets it intends to present at trial." To the extent that this request goes beyond the reciprocal discovery provisions of Rule 16 of the Federal Rules of Criminal Procedure, we oppose. In revealing to the Government in advance anything more than we are already required to provide would be to compromise our right to as effectively defend the charges here as possible without providing information to the Government that might very well result in some change of an errant strategy.

## **Conclusion**

For the reasons stated above, the Court should deny the Gov's applications for sealing any portion of the forth coming trial.

Dated: New York, New York
       November 2, 2010

                                        Respectfully submitted,

                                        Ivan Fisher